```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

JODI E. SUPINSKI, individually,   )
as personal representative of     )
the estate of RALPH S.            )
SUPINSKI, deceased, and as        )
personal representative of the    )
estate of CAROL ANN SUPINSKI,     )
deceased,                         )
                                  )
            Plaintiff,            )
                                  )
      vs.                         )     No. 4:07-CV-963 (CEJ)
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Defendant.            )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for additional time and for leave to conduct limited discovery before responding to the defendant's motion to dismiss for lack of subject-matter jurisdiction. Defendant does not object to an extension of time, but opposes the request for discovery, asserting that its dismissal motion raises legal questions that may be decided without additional fact discovery.

### I.   Factual Background

Plaintiff Jodi Supinski brings suit against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346 *et seq.* Her parents, Ralph and Carol Ann Supinski, died when the private airplane in which they were passengers crashed near the Spirit of St. Louis Airport. Plaintiff alleges that government employees acted negligently in issuing a certificate to the plane's

pilot and in certifying the aeronautic school at which he received his training.

The plane was piloted by Mark Stephen Kaplan, who obtained a Temporary Airman Certificate after completing a training course at Skyline Aeronautics, LLC. Plaintiff alleges that Kristina Lee Cross[1] negligently permitted Mr. Kaplan to take certification tests even though he failed to satisfy all prerequisites. Plaintiff additionally alleges that Donald Koch, Jr., negligently issued a Temporary Airman Certificate to Mr. Kaplan despite his lack of qualifications. Plaintiff finally alleges that the government negligently issued an operations certificate to Skyline Aeronautics.

Defendant submits the affidavits of Ms. Cross and Mr. Koch. Ms. Cross was a flight instructor employed by Skyline Aeronautics. She states that she provided Mr. Kaplan with the necessary certification to take tests to receive a private pilot certificate. As is relevant to the defendant's motion to dismiss, Ms. Cross states that she did not contract with the Federal Aviation Administration (FAA) for her work as a flight instructor. The FAA did not provide her compensation, insurance, or fringe benefits. She has never been employed by the United States Government. The training aircraft and facilities were privately owned and her

---

[1]In the complaint, plaintiff names "Kristy Berisford." Ms. Berisford has since married and uses the name "Kristina Lee Cross." The parties do not dispute that they are referring to the same person and, for simplicity's sake, the Court will refer to her by the name "Cross."

training schedule, student roster, and fees were set by Skyline Aeronautics, not the FAA. While she conducted her flight instruction in accordance with FAA regulations, the FAA did not supervise her daily activities. She was directly supervised by Michael Gaffney, the chief flight instructor and owner of Skyline Aeronautics.

Donald Koch, Jr., is certificated as an airline transport pilot, a flight instructor, and a ground instructor. He is self-employed on a part-time basis as a Designated Pilot Examiner (DPE), pursuant to authorization from the FAA. He is authorized to administer practical tests for pilot certificates and to issue Temporary Airman Certificates to applicants who pass the practical tests. An applicant for a private pilot certificate may choose to take the practical test with either an FAA instructor or a DPE. Mr. Koch states that he is not an employee of the FAA or any agency of the United States Government. He does not have a contract with the FAA to work as a DPE. He sets his own fees for DPE services, which are paid by the applicant. He does not pay a percentage of his fees to the FAA. When Koch conducts a flight test, the applicant, not the FAA, provides the airplane for the test.

Plaintiff seeks leave to depose Cross, Koch, and Michael Gaffney before responding to defendant's motion to dismiss.

**II. Discussion**

The decision whether to grant jurisdictional discovery is committed to the discretion of the district court. See Lakin v. Prudential Securities, Inc., 348 F.3d 704, 713 (8th Cir. 2003)

(applying abuse-of-discretion standard in reviewing denial of jurisdictional discovery). A refusal to grant discovery may constitute an abuse of discretion if the denial prejudices the nonmoving party. Sizova v. National Institute of Standards & Technology, 282 F.3d 1320, 1326 (10th Cir. 2002). "Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Id., quoting Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977) (quotation and alteration omitted).

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941) (citations omitted). The Federal Tort Claims Act waives sovereign immunity for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his [sic] office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Defendant contends that sovereign immunity has not been waived in this case because (1) Ms. Cross and Mr. Koch are not government employees, (2) Missouri does not impose upon a private person a duty to properly interpret and apply regulations, and (3) the "discretionary function exception" to liability applies to any

-4-

claims arising from the FAA's regulation of Skyline Aeronautics. See Dykstra v. United States Bureau of Prisons, 140 F.3d 791, 795 (8th Cir. 1998) (FTCA does not waive immunity for claim based on federal employee's performance of, or failure to perform, discretionary function).

Plaintiff contends that she is entitled to take discovery in order to "test the new facts" asserted in defendant's motion to dismiss. The new facts are supported by sworn statements. Plaintiff provides no basis for questioning the veracity of those statements; nor does she identify any areas of disputed fact which additional discovery would elucidate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion [Doc. #7] is **granted** with respect to her request for an extension of time to file a response and **denied** as to her request for limited discovery.

**IT IS FURTHER ORDERED** that plaintiff shall have until **August 29, 2007**, to file a response to defendant's motion to dismiss for lack of subject-matter jurisdiction.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2007.