```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


JODI E. SUPINSKI, individually,  )
as personal representative of    )
the estate of RALPH S.           )
SUPINSKI, deceased, and as       )
personal representative of the   )
estate of CAROL ANN SUPINSKI,    )
deceased,                        )
                                 )
              Plaintiff,          )
                                 )
         vs.                     )       No. 4:07-CV-963 (CEJ)
                                 )
UNITED STATES OF AMERICA,        )
et al.,                          )
                                 )
              Defendants.        )
```

## MEMORANDUM AND ORDER

This matter is before the Court on the government's motion to dismiss defendant Raymond J. Callahan from the action and substitute the United States of America. Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

Ralph and Carol Ann Supinski died when the private airplane in which they were passengers crashed during a landing attempt at the Spirit of St. Louis Airport in Chesterfield, Missouri. Their daughter, plaintiff Jodi E. Supinski, was appointed as the personal representative of their estates. She brings this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80, and the Missouri Wrongful Death Act, Mo.Rev.Stat. § 537.080. As relevant to the present motion, plaintiff alleges that defendant Raymond J. Callahan is an employee of the Federal Aviation Administration (FAA) and that he approved the certification of the plane's pilot

as fit to fly. The Attorney General has certified that defendant Raymond J. Callahan was acting within the scope of his employment with the FAA and the United States accordingly moves for substitution under 28 U.S.C. § 2679(d)(1) and the Westfall Act.

**Discussion**

The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts that they undertake in the course of their official duties. Osborn v. Haley, 127 S. Ct. 881, 887 (2007), citing 28 U.S.C. § 2679(b)(1). When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." Id. at 887-88, quoting § 2679(d)(1),(2). Upon the Attorney General's certification, the employee is dismissed from the action and the United States is substituted as defendant in the place of the employee. Id.

Plaintiff admits that the Westfall certification procedure applies in this case but asks the Court to delay ruling upon defendant's motion until further discovery is completed regarding whether, under Missouri law, Mr. Callahan was acting within the scope of his employment when he approved the certification of the pilot as fit to fly. A Westfall certification constitutes *prima facie* evidence that a defendant was acting within the scope of employment. Anthony v. Runyon, 76 F.3d 210, 213 (8th Cir. 1996).

If a plaintiff challenges a Westfall certificate, the district court must determine independently whether the defendant was acting within the scope of federal employment when the allegedly wrongful acts occurred. Id. at 214. However, in order to rebut the presumption provided by the Westfall certificate, a plaintiff must come forward with specific evidence in rebuttal. Id. at 215. Plaintiff has not provided any specific evidence, relying solely upon an assertion that discovery might disclose such evidence. This assertion is simply inadequate to overcome the presumption, particularly where plaintiff does not allege any basis for finding that Callahan acted negligently except in the performance of his duties as an employee of the FAA.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the United States of America to dismiss defendant Raymond J. Callahan and to substitute the United States of America as defendant [Doc. #18] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of November, 2007.