UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JODI E. SUPINSKI, individually, )
as personal representative of )
the estate of RALPH S. )
SUPINSKI, deceased, and as )
personal representative of the )
estate of CAROL ANN SUPINSKI, )
deceased, )
 )
       Plaintiff, )
 )
  vs. )   No. 4:07-CV-963 (CEJ)
 )
UNITED STATES OF AMERICA, )
et al., )
 )
       Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the first and second motions of the United States to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). In response to the first motion, plaintiff filed an opposition and an amended complaint that adds new allegations and names two additional defendants.[1] The United States asks the Court to apply its first motion to dismiss to the amended complaint; it has also filed a second motion to dismiss directed to allegations made in plaintiff's amended complaint.

This case arises from a private airplane crash that resulted in the deaths of Ralph and Carol Ann Supinski. Plaintiff Jodi E.

---

[1] In her amended complaint, plaintiff names as additional defendants Donald Koch, Jr., and Raymond J. Callahan. By separate order, the United States has been substituted for Mr. Callahan, [Doc. #35], and allegations against Mr. Callahan are deemed to be directed to the United States.

Supinski brings this action individually and as the personal representative of her deceased parents' estates. Plaintiff asserts claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80, and the Missouri Wrongful Death Act, Mo.Rev.Stat. § 537.080, alleging that defendant United States was negligent in issuing a certificate to the airplane's pilot, in certifying and regulating the aeronautic school at which the pilot received his training, and in its hiring, training, and supervision of a pilot examiner and others.

## I. **Legal Standard**

Dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate if the plaintiff has failed to satisfy a threshold jurisdictional requirement. See Trimble v. Asarco, Inc., 232 F.3d 946, 955 n.9 (8th Cir. 2000). In order to properly dismiss for lack of subject matter jurisdiction, the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial attack, the court restricts itself to the face of the pleadings, and all of the factual allegations concerning jurisdiction are presumed to be true. Id. However, in a factual challenge, the court considers matters outside of the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Furthermore, the existence of disputed material facts does not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Id. at 729.

"Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. The burden that proving jurisdiction does in fact exist rests with the plaintiff. Id.

**II. Factual Background**

The fatal crash occurred at the Spirit of St. Louis Airport in Chesterfield, Missouri, at about 9:15 on the evening of September 12, 2004. The pilot of the airplane was Mark Stephen Kaplan, who had received his private pilot's certificate less than one month earlier.

Mr. Kaplan received flight training at Skyline Aeronautics, LLC, an FAA-approved flight school. His trainer at Skyline was Kristina (née Berisford) Cross. In order to obtain a private pilot certificate, a student pilot must complete ground training and then pass a written examination. In accordance with FAA regulations, Ms. Cross certified that Mr. Kaplan had completed the training and that he was prepared to take the written examination, which he passed. Flight students must also pass a practical test, consisting of oral and flight examinations. Ms. Cross again certified that Mr. Kaplan had received the required training and was prepared for the practical test.

On August 19, 2004, defendant Donald Koch, Jr., a Designated Pilot Examiner (DPE), administered the practical test (or "check ride") to Mr. Kaplan, who did not pass. According to the Notice of

Disapproval of Application, Mr. Kaplan failed in the areas of takeoffs, landings, and go-arounds. As required by regulations, Mr. Kaplan returned to Skyline Aeronautics for additional training. Ms. Cross completed the additional training with Mr. Kaplan and recertified him to take the practical test. On August 21, 2004, Mr. Kaplan reapplied to defendant Koch to take a second practical test. He successfully completed the test and was issued a Temporary Airman Certificate. According to allegations in the amended complaint, Mr. Kaplan's certification was approved by Raymond J. Callahan, an employee of the Federal Aviation administration (FAA).

In the course of the post-accident investigation, the National Transportation Safety Board (NTSB) examined Mr. Kaplan's training record. The record included notes that Ms. Cross made during Mr. Kaplan's final preparation ride. She wrote of him: "talking out loud, . . . patterns too wide, situational awareness, and checklists." Ms. Cross detailed her concerns in an e-mail to the management at Skyline Aeronautics. She wrote that Kaplan:

> was very anxious to solo, a little too anxious in my opinion. I told him that I would solo him when I felt he was safe and [he] seemed a bit frustrated that there may be a chance that I may delay his solo. This attitude worried me because I feel that a student pilot should trust his instructor's judgment. Throughout the rest of his training, [he] began showing complacency in the airplane. I would stress to him the importance of using checklists, yet he would not use them unless I made him. He seemed to think that I was only having him use the checklists to prepare him for the practical test, but I would explain that the checklist is there for his safety. [He] also felt that a GUMPS check or any before landing checklist was a waste of time if he was doing touch and go's and remaining in the pattern. An example of his attitude toward training was during simulated engine failures.

-4-

> On two occasions I pulled the power back on the engine and expected [him] to follow emergency procedures. Both times he would argue with me that he did not want to simulate an emergency right then. He did not seem to respect the fact that an engine failure could happen at any time and he would never be expecting one.
>
> I endorsed [him] because he did meet all of the standards for the practical test and he passed his Part 141 Graduation ride. I am writing you because even though [he] performed well on his Grad and will pass his practical test, I am worried about his complacent attitude toward flying and expressing my concern for his safety post check ride.

National Transportation Safety Board Factual Report at 2 (alterations in original).

### III. Discussion

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941) (citations omitted). Federal courts generally lack jurisdiction to hear claims against the United States because of sovereign immunity. Barnes v. United States, 448 F.3d 1065, 1066 (8th Cir. 2006). The court may hear the case, however, if the plaintiff shows that the government has unequivocally waived that immunity. Id. The scope of waivers of sovereign immunity must be strictly construed. LaFromboise v. Leavitt, 439 F.3d 792, 795 (8th Cir. 2006), citing Lane v. Pena, 518 U.S. 187, 192 (1996).

The Federal Tort Claims Act (FTCA) waives sovereign immunity for "personal injury or death caused by the negligent or wrongful act or omission of <u>any employee of the Government</u> while acting within the scope of his office or employment, under circumstances

-5-

where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (emphasis added). The Act defines Government employees to include "officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity," but excludes independent contractors. 28 U.S.C. § 2671.

### A. Defendant's First Motion to Dismiss

#### 1. Government Employees

Plaintiff alleges that Ms. Cross and Mr. Koch were negligent in certifying Mr. Kaplan as fit to pilot a plane, and seeks to hold the government responsible for that alleged negligence. Defendant asserts that Ms. Cross and Mr. Koch are not employees of the government and, thus, the FTCA does not apply and sovereign immunity has not been waived.

The crucial element in determining whether an individual may be considered a federal employee is the amount of control the federal government has over the physical performance of the individual. Charlima, Inc. v. United States, 873 F.2d 1078, 1080-81 (8th Cir. 1989), citing United States v. Orleans, 425 U.S. 807, 814-15 (1976) and Logue v. United States, 412 U.S. 521, 528 (1973). In Charlima, Inc., the purchaser of an aircraft alleged that a Designated Airworthiness Representative (DAR) was negligent in his performance of a required inspection of the craft. On appeal, the

Eighth Circuit addressed whether DARs are employees of the FAA[2] and concluded that they are not. Charlima, Inc., 873 F.2d at 1080-81. While the FAA acts generally as an overseer, it does not manage the details of the DAR's work or supervise the DAR's daily investigative duties. Id. at 1081. Furthermore, the FAA does not maintain a contractual relationship with DARs or compensate them. Id.

The evidence in this case establishes that Skyline Aeronautics, not the FAA, employed Ms. Cross, set her training schedule, assigned her students, set the fees charged for her services, and directly supervised her in the performance of her duties. Defendant Koch is self-employed. He does not have a contract with the FAA to work as a DPE. He sets his own fees for DPE services, which are paid by the applicant. He does not pay a percentage of his fees to the FAA. Thus, under Charlima, Ms. Cross and defendant Koch are not government employees and plaintiff cannot hold the government liable for any acts of negligence they may have committed. The fact that Cross and Koch applied standards dictated by federal regulations in assessing Mr. Kaplan's fitness for certification does not make them employees of the government for the purposes of the FTCA. See Bernie v. United States, 712 F.3d 1271, 1273 (8th Cir. 1983) ("[F]ederal funding or policing of federal standards and regulations does not create employee status."), citing Orleans, 425 U.S. at 815. See also Leone v.

---

[2]DARs are authorized by regulation to make inspections of aircraft. see id. at 1078 n.2, quoting 14 C.F.R. § 183.33.

United States, 910 F.2d 46, 49-50 (2nd Cir. 1990)(Aviation Medical Examiners are not FAA employees).

Plaintiff's reliance on Maryland v. Manor Real Estate & Trust Co., 176 F.2d 414 (4th Cir. 1949), is misplaced. In that case, the government exercised specific and significant oversight in advance of the alleged negligence by a private individual. Id. at 419. Here, plaintiff's allegation that an FAA employee ultimately approved Mr. Kaplan's pilot certificate does not transform Cross and Koch from private actors into federal employees. Plaintiff also cites In re Air Crash Disaster near Silver Plume, Colorado on October 2, 1970, 445 F.Supp. 384 (D. Kan. 1977), in which the court found that an Authorized Inspector (AI) was an employee of the FAA under the FTCA. Id. at 400, 406. The FAA did not furnish the AI's tools, equipment, training, place to work, or compensation. Id. at 396. To the extent that Silver Plume reaches a contrary conclusion from Charlima on substantively identical facts, this Court is bound by the Eighth Circuit's analysis in Charlima. Plaintiff argues that the Charlima is inapplicable to this case because the FAA exercises more control over DPEs such as defendant Koch than it does over the DARs under consideration in Charlima. This argument is unsupported by analysis or facts and the distinction is not one that is obvious on its face.

Plaintiff has not established that Ms. Cross and Mr. Koch were federal employees and thus she cannot proceed against the government on the basis of their alleged negligence.

### 2. **Discretionary Function Exception**

Plaintiff alleges that Skyline Aeronautics "failed to meet the curriculum, qualification and/or operation requirements of 14 C.F.R. Part 141" and asserts that the FAA was negligent in issuing Skyline's certificate and in failing to suspend or revoke it. Defendant seeks dismissal of plaintiff's claims with regard to oversight of Skyline Aeronautics, arguing that the "discretionary function" exception applies.

The discretionary function exception is found at § 2680 and provides that the Government is not liable for:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The purpose of the exception is "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 814 (1984). The exception covers only discretionary acts that involve an element of judgment or choice. United States v. Gaubert, 499 U.S. 315, 322 (1991), citing Berkovitz v. United States, 486 U.S. 531, 536 (1988), and Dalehite v. United States, 346 U.S. 15, 34 (1953). It is the nature of the conduct, rather than the status of the actor, that governs whether the exception applies. Gaubert, 499 U.S. at 322, quoting Varig Airlines 467 U.S. at 813. If a federal statute or regulation specifically prescribes

-9-

an employee's course of conduct, the exception does not apply because "the employee has no rightful option but to adhere to the directive." Berkovitz, 486 U.S. at 536.

A two-part test determines when the discretionary function exception applies. Riley v. United States, 486 F.3d 1030, 1032 (8th Cir. 2007) (discretionary function exception applies to postal service decision regarding location of mailboxes). First, the conduct at issue must be discretionary, involving "an element of judgment or choice." Id., citing Berkovitz, 486 U.S. at 536. The "second requirement is that the judgment at issue be of the kind that the discretionary function exception was designed to shield." Id., quoting C.R.S. v. United States, 11 F.3d 791, 796 (8th Cir. 1993) (discretionary function exception barred claim that federal blood program negligently failed to screen donors for HIV). "When established governmental policy . . . allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." Gaubert, 499 U.S. at 324.

The government argues that the FAA has limited resources with which to promote air safety; it exercises its discretion to designate private parties to establish flight schools to train individuals wishing to obtain private pilot licenses. Flight schools must satisfy specific regulations, found at 14 C.F.R. Part 141, in order to be certified and are subject to periodic review and recertification. All of the applicable regulations speak in the permissive and they do not set forth a fixed or readily

-10-

ascertainable standard which the FAA must apply in certifying a flight school. The Court agrees with the government that the selection of flight schools is a discretionary activity of the nature and quality protected by § 2680(a). See Varig Airlines, 467 U.S. at 819-20 (when FAA determines extent to which it will supervise safety procedures of private individuals, it is exercising discretionary regulatory authority of most basic kind).

Plaintiff appears to argue that the FAA violated applicable regulations by issuing a certificate to Skyline Aeronautic in the first instance, or by failing to revoke it at a subsequent time. Unfortunately, plaintiff has not sufficiently identified the regulations she relies on in making this argument. In her memorandum in opposition to the government's motion to dismiss, plaintiff cites "14 C.F.R. Part 141 ¶ 9(e) and (f)" as a source of the FAA's duty; however, the Court has not been able to locate a regulation with this citation. Plaintiff does refer to § 141.5 and § 141.21 in a footnote: Section 141.5 specifies the requirements for obtaining a pilot school certificate, while § 141.21 requires pilot schools to submit to inspections. Both of the cited regulations prescribe the conduct of flight schools, not the FAA, and thus do not support plaintiff's contention that the FAA's conduct with respect to Skyline Aeronautics was completely constrained and thus outside the scope of the discretionary function exception.

Plaintiff cites Camozzi v. Roland/Miller & Hope Consulting Co., 866 F.2d 287 (9th Cir. 1989) to support the proposition that

the FAA may be held liable for its failure to police a private party's compliance with safety standards. In Camozzi, two cement masons injured while building a post office brought suit under the FTCA. The government argued that the postal service delegated its authority for worker safety to the general contractor and in doing so exercised a discretionary function. Id. at 288. The Ninth Circuit rejected that argument because plaintiffs did not base their negligence claim on the postal service's choice of contractor. Furthermore, the postal service specifically retained responsibility for worker safety. Id. at 288-89. Thus, the acts and omissions of the postal service agents and employees in performing those safety functions did not involve policy judgments and were not excluded from the FTCA under the discretionary function exception. Id. at 292.

This case is distinguishable from Camozzi because, here, plaintiff does allege that the FAA was negligent when it selected Skyline Aeronautics to train private pilots. In this case, plaintiff has not identified any regulation or contract which makes the FAA responsible for negligent performance of flight training by Skyline Aeronautics; nor has plaintiff identified a regulation that requires the FAA to decertify a flight school. Plaintiff contends that the discretionary function exception should not apply when the challenged government activity involves safety considerations. However, the Eighth Circuit has held that the FTCA has no dangerous condition exception to the discretionary function exception. Riley, 486 F.3d at 1034.

### 3. Analogous Duty under Missouri Law

Defendant asserts an alternative basis for dismissing plaintiff's claims arising from the licensing of Skyline Aeronautics. Under § 1346(b), district courts have jurisdiction over tort claims against federal employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." The parties agree that the acts and omissions in this case occurred in Missouri. Plaintiff claims that the FAA negligently allowed Skyline Aeronautics to operate with a curriculum that did not satisfy applicable regulations. Defendant asserts, and plaintiff does not dispute, that Missouri law does not recognize a duty in tort to properly interpret and apply regulations. See Central Airlines, Inc. v. United States, 169 F.3d 1174 (8th Cir. 1999) (claim against the FAA for misinterpreting regulations dismissed because Missouri does not have comparable duty). Plaintiff does not identify an alternative duty arising under Missouri law that is comparable to the allegations in this case.

The government's first motion to dismiss for lack of jurisdiction will be granted.

### B. Defendant's Second Motion to Dismiss

The government's second motion to dismiss for lack of jurisdiction is directed to new claims plaintiff asserted in her first amended complaint. Specifically, plaintiff added allegations that the FAA negligently hired, trained, and supervised defendant

-13-

Koch and FAA employee Raymond Callahan. She also alleges that Koch and Callahan negligently allowed Mr. Kaplan to take the practical test when he failed to meet regulatory requirements and negligently issued a private pilot certificate to Mr. Kaplan.

Decisions concerning the hiring, training, and supervising of federal employees and independent contractors fall within the discretionary function exception. Burkhart v. Washington Metro. Area Trans. Auth., 112 F.3d 1207, 1217 (D.C. Cir. 1997); Red Elk v. United States, 62 F.3d 1102, 1107 n.4 (8th Cir. 1995); Tonelli v. United States, 60 F.3d 4902, 496 (8th Cir. 1995); Kirchmann v. United States, 8 F.3d 1273, 1277 (8th Cir. 1993). Defendant's second motion to dismiss will be granted with respect to the hiring, training, and supervision of Koch and Callahan.

With respect to the claims that defendants Koch and Callahan negligently allowed Mr. Kaplan to take the practical test and issued a pilot's certificate to him, the Court notes, again, that Koch is not a federal employee and the government cannot be held liable for his actions. Accordingly, plaintiff's additional allegations with respect to Koch will not be addressed.

Defendant argues that plaintiff's claims based upon the alleged negligence of FAA employee Callahan cannot proceed because she did not raise such claims in her administrative claim with the FAA. The FTCA provides: "An action shall not be instituted upon a claim against the United States [under the FTCA] unless the claimant shall have first presented the claim to the appropriate Federal agency." § 2675(a). "Presentment of an administrative

claim is jurisdictional and must be pleaded and proven by the FTCA claimant." Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993). A claimant satisfies § 2675's notice requirement by providing in writing (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought. Farmers State Sav. Bank v. Farmers Home Admin., 866 F.2d 276, 277 (8th Cir. 1989).

Plaintiff's administrative claim included the following relevant allegations: That the United States, acting "through the FAA, its employees, agents and representatives," was negligent "in executing its approved training and curriculum for licensing" Mr. Kaplan in the following respects:

1. Negligently and carelessly allowed Mark Stephen Kaplan to reapply for the practical test for a private pilot certificate after a failure without having received (1) [t]he necessary training from an authorized instructor who has determined that the applicant is proficient to pass the test; and (2)[a]n endorsement from an authorized instructor who gave the applicant the additional training, contrary to and in violation of 14 C.F.R. § 61.49;

2. Negligently and carelessly allowed Mark Stephen Kaplan to take the practical test for a private pilot certificate when he failed to meet the prerequisites for eligibility under 14 C.F.R. § 61.39; [and]

3. Negligently and carelessly endorsed Mark Stephen Kaplan as having met the prerequisites and obtained a passing grade on the knowledge test for a private pilot certificate when he had not contrary to and in violation of 14 C.F.R. § 61.35.

Defendant cites Deloria v. Veterans Admin., 927 F.2d 1009 (7th Cir. 1991), to support its claim that these allegations could not provide the FAA with sufficient information to investigate the

claims. In Deloria, plaintiff brought suit under the FTCA alleging that a physician with the Veterans Administration (VA) misdiagnosed his condition, that the VA had negligently hired the physician, and that VA staff negligently relied upon the physician's opinion. Deloria's administrative claim had alleged a conspiracy by VA officials to deny him benefits by doctoring his medical records. The Seventh Circuit held that investigation of the administrative claim would not have provided the VA with notice of the additional claims of medical malpractice and negligent supervision. Id. at 1012. "[A] plaintiff cannot 'present one claim to the agency and then maintain suit on the basis of a different set of facts.'" Id., quoting Dundon v. United States, 559 F.Supp. 469, 476 (E.D.N.Y. 1983). Here, the variation between plaintiff's administrative claim and her complaint is the identification of a particular FAA employee – Callahan – whose negligence she blames for contributing to her parents' death. The Court disagrees with defendant that plaintiff did not present her claims that an FAA employee was negligent in her administrative claim.

In its reply memorandum in support of its motion to dismiss, the government asserts that Mr. Callahan was not involved in training or testing Mr. Kaplan. This is a factual determination that does not implicate the jurisdictional matters presently under consideration and will not be addressed at this time.

Accordingly,

**IT IS HEREBY ORDERED** that the first motion of the United States of America to dismiss for lack of jurisdiction [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that the second motion of the United States of America to dismiss for lack of jurisdiction [Doc. # 19] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time and for limited discovery [Doc. # 22] is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion for extension of time to file response [Doc #17] is **denied as moot.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2008.