UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JODI E. SUPINSKI, individually, as personal representative of the estate of RALPH S. SUPINSKI, deceased, and as personal representative of the estate of CAROL ANN SUPINSKI, deceased, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 4:07-CV-963 (CEJ) |
| UNITED STATES OF AMERICA, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Donald Koch, Jr., to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a response in opposition to the motion, and the issues are fully briefed.

This case arises from a private airplane crash that resulted in the deaths of Ralph and Carol Ann Supinski. Plaintiff Jodi E. Supinksi brings this action individually and as the personal representative of her deceased parents' estates. Plaintiff asserts claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80, and the Missouri Wrongful Death Act, Mo.Rev.Stat. § 537.080. As pertinent to the present motion, plaintiff alleges that defendant Koch was negligent in certifying the plane's pilot plane as qualified to receive a Temporary Airman Certificate. Defendant moves to dismiss, arguing that plaintiff cannot sustain

a claim against him for actions taken as an agent or employee of the United States.

I. **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

II. **Background**

The fatal crash occurred at the Spirit of St. Louis Airport in Chesterfield, Missouri, at about 9:15 p.m. on September 12, 2004. The pilot of the airplane was Mark Stephen Kaplan.

Prior to the crash, Mr. Kaplan had successfully completed a course of ground training and passed a written examination. On August 19, 2004, he went to defendant Koch, a Designated Pilot Examiner (DPE), for the purpose of taking a "practical test." Mr. Kaplan failed the test. As required by regulations, Mr. Kaplan returned to his flight instructor for additional training and was recertified to take the practical test. On August 21, 2004, Mr. Kaplan reapplied to defendant Koch to take the practical test a second time. He successfully completed the test and was issued a Temporary Airman Certificate.

In her initial complaint filed on May 14, 2007, plaintiff named the United States as the sole defendant. The government moved to dismiss for lack of jurisdiction. Plaintiff thereafter amended her complaint to add new allegations and named additional defendants -- Donald Koch, Jr., and Raymond J. Callahan, an employee of the Federal Aviation Administration (FAA). Because Mr. Callahan was acting within the scope of his employment, he was entitled to absolute immunity and the United States was substituted as a defendant in his place.

On January 22, 2008, the Court found that it lacked jurisdiction over some, but not all, of plaintiff's claims. Specifically, the Court dismissed plaintiff's claims arising from the alleged negligence of defendant Koch and Mr. Kaplan's flight

-3-

instructor because they were not federal employees. The Court also dismissed plaintiff's claim that the FAA was negligent in certifying the flight school and in supervising Koch and Callahan under the discretionary function exception. The Court declined to dismiss plaintiff's claim arising from her allegation that FAA employee Callahan was negligent in the licensing of Mr. Kaplan.

**III. Discussion**

In order to state a claim for negligence, plaintiff must allege that (1) defendant had a duty to protect plaintiff from injury; (2) defendant failed to perform that duty; (3) defendant's failure proximately caused injury to plaintiff; and (4) actual damages to the plaintiff's person or property occurred. See Citizens Nat'l Bank v. Maries County Bank, --- S.W.3d ---, 2008 WL 256465 at *3 (Mo. Ct. App. Jan. 31, 2008). The existence of a duty is a matter of law. Deuschle v. Jobe, 30 S.W.3d 215, 218 (Mo. Ct. App. 2000). Plaintiff has alleged the necessary elements of a claim for negligence.

Defendant first argues that plaintiff's claims against him must be dismissed because Missouri does not recognize a negligence cause of action for misapplying regulations generated by the Federal Aviation Administration. In making this argument, defendant relies upon Central Airlines, Inc. v. United States, 169 F.3d 1174 (8th Cir. 1999). Central Airlines addressed a claim against the United States under the FTCA and has no application to a claim for negligence against an individual.

Defendant also argues that he is shielded by operation of the public duty doctrine. The public duty doctrine shields public officers from liability for injuries or damages resulting from the officer's breach of a duty owed to the general public as opposed to particular individuals. Heins Implement Co. v. Missouri Highway and Transportation Comm'n, 859 S.W.2d 681, 694 (Mo. 1993) (*en banc*). The Court has previously determined for the purposes of the FTCA that defendant Koch is not a federal employee and there is at present no other basis for concluding that he is a public official. Thus, the public duty doctrine is inapplicable.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Koch to dismiss [Doc. #36] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2008.